**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 26, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-11-01011-CV

———————

## IN RE AMF INCORPORATED, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2005-49278J**

---

## M E M O R A N D U M   O P I N I O N

Relator AMF Incorporated filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In its petition, relator asks that we compel respondent, the Honorable Mark Davidson, presiding pre-trial judge for asbestos multi-district litigation (MDL) cases and visiting judge for the 11th District Court of Harris County, Texas, to grant its motion for summary judgment. Relator has not shown that it is entitled to the relief requested, and we deny the petition.

The real party plaintiffs, John David Simpson, Individually and as Representative of the Estate of Marion J. Simpson, Danny Lewis Simpson, and Ronnie Wayne Simpson, brought a wrongful death lawsuit against relator after Marion Simpson's death in 2003. In

the suit, the real parties alleged that Simpson developed lung cancer as a result of his occupational exposure to asbestos while working as an insulator. Simpson worked at B&B Engineering & Supply Co. Inc., at various times between 1945 and 1970. The real parties assert that relator is liable, as a corporate successor to B&B, for Simpson's death.

Relator filed a traditional motion for summary judgment seeking to bar the real parties' common law tort claims under the exclusive remedy provisions of the Texas Workers' Compensation Act.[1] *See* Tex. Lab. Code 408.001–408.222. On September 9, 2011, the trial court signed an order in which it granted the motion "as to all claims, other than gross negligence, for the time periods when Plaintiff Simpson was a direct employee of B&B Engineering and such claims are hereby DISMISSED with prejudice." The court denied the motion "for the time period when Plaintiff Simpson was not a direct employee of B&B Engineering." Relator asks this court to issue a writ of mandamus to order respondent to vacate the September 9, 2011 order and to enter an order dismissing the real parties' common law tort claims against relator.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*

---

[1] The exclusive remedy provision of the Act provides:

(a) Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

Tex. Lab. Code § 408.001(a). Relator acknowledges that the real parties' gross negligence claims are not covered by the exclusive remedy provision of the Workers' Compensation Act. *See id.* § 408.001(b).

Mandamus is generally unavailable when a trial court denies summary judgment, no matter how meritorious the motion, because "trying a case in which summary judgment would have been appropriate does not mean the case will have to be tried twice." *In re McAllen Med. Ctr., Inc*., 275 S.W.3d 458, 465-66 (Tex. 2008). Although the Texas Supreme Court recently found mandamus was appropriate to correct the erroneous denial of a motion for summary judgment, the court noted that extraordinary circumstances merited extraordinary relief. *See In re USAA*, 307 S.W.3d 299, 314 (Tex. 2010) (granting relief to enforce limitations after relator had already endured trial in incorrect jurisdiction). We do not find extraordinary circumstances warranting mandamus relief in this case. .

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Christopher.